IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DERIKA YVONNE MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-011 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed the above-captioned case on January 18, 2017. (Doc. no. 1.) She requests the Court review the decision of the Acting Commissioner of Social Security denying her applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** as time-barred, and that this civil action be **CLOSED**.

The jurisdictional basis for judicial review in Social Security matters is 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Thus, § 405(g) sets forth three prerequisites for judicial review: (1) a final decision made by the Commissioner after a hearing, (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's decision to the claimant (or within such additional time as the Commissioner allows), and (3) the filing of a civil action in an appropriate district court. Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975).

Plaintiff satisfies the first condition in that she has attached the Notice of Appeals Council Action showing that her request for review of the decision of the Administrative Law Judge's decision dated May 3, 2016, was denied. (Doc. no. 1, pp. 8-12.) When the request for review was denied, the Commissioner's decision became "final" for the purpose of judicial review. See Sims v. Apfel, 530 U.S. 103, 107 (2000); 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955(b), 404.981, & 422.210(a); see also 42 U.S.C. § 405(g). However, Plaintiff fails to satisfy the second requirement. Once the claimant obtains a final decision from the Commissioner, she has sixty days from the mailing of the notice of that decision to bring an action in federal court. 42 U.S. C. 405(g); see also 20 C.F.R. §§ 404.981 & 422.210.

The requirement of filing a complaint within sixty days is "not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citations omitted). Nevertheless, because "the 60-day limit is a statute of limitations, it is a condition on the waiver of sovereign immunity and thus must be strictly construed." Id. at 479. The Notice of Appeals Council Action states Plaintiff's request for review was denied on July 12, 2016. (Doc. no. 1, p. 8.) The Notice further states the sixty-day period for filing a civil action starts the day after the letter is received, and it is assumed, unless Plaintiff establishes otherwise, the letter is received five days after the date on it. (Id. at 9.)

Because Plaintiff did not initiate this action until January 18, 2017 - over six months after the July 12, 2016 date on the letter - her claims are time-barred.

Plaintiff does not contend the Commissioner granted her an extension for filing her civil action. Nor has Plaintiff offered any basis upon which the statutory period may be equitably tolled. See Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). In order to justify an untimely filing, a claimant must show "extraordinary circumstances." Id. That standard may be met where, for instance, "the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her. . . ." Id. (citing Waller v. Comm'r of Soc. Sec., 168 F. App'x 919, 922 (11th Cir. 2006)). Here, Plaintiff has not demonstrated any circumstances, extraordinary or otherwise, that would justify the untimeliness of her filing and allow for equitable tolling.

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** as time-barred, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of January, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA